IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMENA GONZALES CONTRERAS,

    Plaintiff,

vs.                                                 Civ. No. 23-1032 SCY/LF

STATE FARM INSURANCE COMPANY,

    Defendant.

## ORDER TO FILE RULE 7.1 NOTICE AND AMEND NOTICE OF REMOVAL

    This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant State Farm Mutual Automobile Insurance Company on November 21, 2023. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 3. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

    Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

    A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). The Notice of

Removal does not allege either Defendant's state of incorporation or its principal place of business. Instead, the Notice of Removal relies on "negative" statements of citizenship (i.e., asserting a party is not a citizen of a particular state instead of asserting the that the party is a citizen of a particular state). Doc. 1 ¶ 4 ("This Defendant is a non-resident insurance company that is domiciled in the State of Illinois. . . . No properly joined defendant is a citizen of New Mexico."). A party invoking diversity jurisdiction must specifically allege the citizenship of each defendant, not just that a defendant is not a citizen of the same state as any plaintiff. *Cameron v. Hodges*, 127 U.S. 322, 322 (1888); *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019); *see also Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996); *McCracken v. Murphy*, 328 F. Supp. 2nd 530, 535 (E.D. Pa. 2004).

Accordingly, the Court will give the Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

The Court further notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders

otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). Although Defendant filed a Corporate Disclosure Statement regarding related corporate entities, Doc. 2, this statement does not disclose Defendant's citizenship under 28 U.S.C. § 1332(c). The Court orders Defendant to file an amended Rule 7.1 notice that complies with Rule 7.1(a)(2).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than January 8, 2024.

**IT IS FURTHER ORDERED** that Defendant file a corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than January 8, 2024.

**IT IS FURTHER ORDERED** that if Defendant fails to supplement the record with the necessary jurisdictional facts by January 8, 2024, the Court may remand this action back to state district court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE