IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMENA GONZALES CONTRERAS,

    Plaintiff,

v.                                                                                                            Civ. No. 23-1032 SCY/LF

STATE FARM INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LEAVE TO AMEND

Plaintiff filed this Opposed Motion For Leave To File First Amended Complaint seeking leave of Court to add a defendant to this case, Wesley Spaulding. Doc. 19. Defendant originally removed this case from state court to federal court based on diversity jurisdiction. Doc. 1 ¶ 3. Because adding this defendant would destroy diversity, Defendant opposes the motion and requests the Court deny leave to amend. Doc. 20.

Plaintiff explains that "This lawsuit is about a head-on collision between two vehicles being driven by Wesley Spaulding and Plaintiff Jimena Gonzales Contreras and a subsequent insurance claim." Doc. 19 at 2. The purpose of the amendment is to "add[] an indispensable party to the litigation, Wesley Spaulding, who was inadvertently not included in the original Complaint." *Id.*

Defendant correctly contends that because Plaintiff and Spaulding are both citizens of New Mexico, the amendment would destroy diversity and this Court would no longer have jurisdiction over this case. Doc. 20 at 2. Therefore, the motion to amend is governed not by Federal Rule of Civil Procedure 15, but by 28 U.S.C. § 1447(e). *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Section 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). The Tenth Circuit instructs that:

> Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court.

*McPhail*, 529 F.3d at 951-52.

Plaintiff argues that as Spaulding "was completely responsible for the head-on collision with Plaintiff's vehicle on the date of the accident in Valencia County" and as the actual tortfeasor, Plaintiff can pursue a cause of action against him in addition to her own insurance company for uninsured motorist benefits. Doc. 19 at 2. This does not make him an indispensable party. Spaulding "is more appropriately categorized as an individual subject to permissive joinder under Rule 20(a)(1)(2), because there are 'question[s] of law or fact common to all defendants' and Plaintiff asserts a right to relief against him 'jointly, severally, or in the alternative [with the existing Defendants] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.'" *Trejo v. Safeway Ins. Grp.*, No. 14cv913 GBW/SCY, 2015 WL 12856123, at *4 (D.N.M. Mar. 27, 2015) (quoting Fed. R. Civ. P. 20(a)(1)(2)) (alterations in original). The Court therefore considers this to be a decision made "at the discretion of the district court." *McPhail*, 529 F.3d at 952.

"In determining whether to grant leave to join a party under Rule 20, a court 'may consider the good faith of the party seeking the amendment. If it determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded,

2

the court may not allow the amendment . . . .'" *Trejo*, 2015 WL 12856123, at *4 (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (3d ed. 2014) (alteration in original)). Here, Defendant argues that "Mr. Spaulding is a nominal party sought to be added solely to defeat diversity jurisdiction." Doc. 20 at 6.

The Court disagrees for several reasons. First, the case Defendant relies on—*Trejo*—finds that a defendant was added solely to defeat diversity jurisdiction where "Plaintiff seeks to bring a single claim against [an individual insurance agent], based purely on speculation as to what evidence may arise during discovery, and asserted for the first time shortly after Defendants had removed this case to federal court." *Trejo*, 2015 WL 12856123, at *4. But Plaintiff here is not speculating. A claim for damages against an at-fault driver who struck her car head-on is not based on speculation. Further, Plaintiff's policy limits are $25,000 per vehicle, Doc. 1-1 ¶ 7, and in its Notice of Removal State Farm itself asserts that Plaintiff will be seeking more than $75,000, Doc. 1 ¶ 5. It is not speculation or bad faith for Plaintiff to bring a claim against the actual tortfeasor for damages she may not recover under her uninsured motorist policy.

The Court is also convinced that the failure to name Spaulding was not a procedural afterthought; that is, an addition motivated by State Farm's removal of this case to federal court. Plaintiff's original complaint included a count of negligence for "failure to keep a proper lookout; driver inattention; failure to keep control of the uninsured vehicle; failure to operate the uninsured vehicle in a safe and reasonable manner; excessive speed; improper lane change; improper passing; driving the wrong way; and driving too fast for the traffic conditions." Doc. 1-1 at 16. These claims—stated in the original complaint prior to removal—are obviously directed at Spaulding, not State Farm. (State Farm, of course, has moved to dismiss the count because it fails to state a claim against State Farm. Doc. 3.). The Court therefore accepts Plaintiff's

representation that she intended to name Spaulding in the original complaint, and inadvertently failed to do so. Stated differently, the Court finds Plaintiff did not include Spaulding solely as a response to the removal of this case to federal court. Forcing Plaintiff to file two parallel lawsuits in federal and state court would be inefficient.

The Court also rejects State Farm's argument that Plaintiff's proposed amended complaint fails to state a claim because it names "State Farm Insurance Company" rather than "State Farm Mutual Automobile Insurance Company" (the company who issued the relevant policy). Doc. 20 at 6-7. This is a curable defect and Plaintiff proposes to cure it. Doc. 21 at 1. Therefore, the Court grants the motion to amend. Plaintiff shall file her amended complaint separately on the docket within 14 days of the date of this order. After the filing of the amended complaint, Plaintiff shall have 7 days to file a motion to remand, whether opposed or unopposed.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE